## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ROBERT LEE THOMAS, JR.                                                PLAINTIFF

v.                                              CIVIL ACTION NO.3:16-CV-251-JHM

HILARY LILES *et al.*                                                DEFENDANTS

### <u>MEMORANDUM OPINION</u>

On May 2, 2016, Plaintiff Robert Lee Thomas, Jr., initiated the instant 42 U.S.C. § 1983

action by filing a *pro se* complaint (DN 1).  By Order entered on August 3, 2016 (DN 4), the

Court directed Plaintiff, within 30 days of entry of the Order, to (1) either pay the filing fee or

file a non-prisoner application to proceed without prepayment of fees; and (2) submit a

completed summons form for each Defendant named in the complaint.  The Order warned

Plaintiff that failure to comply with the Order would result in dismissal of this action.  Over 30

days have passed since the entry of the Order, and Plaintiff has not responded to the Order or

taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan

v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case.  *Id.* at 110.  "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 4) or taken any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: September 14, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.011

2